HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
GRIFFIN ESTES, CA Bar #322095
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561

Attorneys for Petitioner
JIMMIE L. CARTER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JIMMIE L. CARTER,<br>Defendant. | Case No. 1:24-cr-00307-JLT-SAB<br>STIPULATION TO MODIFY PROTECTIVE ORDER; ORDER<br>Judge: Hon. Jennifer L. Thurston |

**STIPULATION**

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the United States of America and defendant Jimmie L. Carter stipulate as follows:

1. The Court previously issued a protective order. The protective order was issued *ex parte* and is under seal. The government has provided defense counsel with a copy of the protective order.
2. Federal Rule of Criminal Procedure 16 provides, in relevant part, that a court may, "for good cause, deny, restrict, or defer discovery or inspection or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The parties hereby stipulate that good cause exists to modify the current protective order.
3. The government has produced discovery material containing personal identifying information of third parties in this case (the "protected material"). The discovery in

this case consists of 1447 Bates-stamped pages, including audio, video, and other forms of documentary evidence.

4. The purpose of this stipulation and requested order is to establish the procedures that must be followed by defense counsel of record, any designated employees, and all other individuals who receive access to protected material in connection with this case.

5. Counsel for the defendant shall not give protected material to any person other than counsel's staff assisting in litigating this case. The term "staff" shall explicitly include attorneys, paralegals, and investigators assisting counsel for the defendant in the present case and exclude any other defendant in this case, or any other pending case against the defendant, any other counsel hired, retained, or otherwise working on behalf of the defendant, or any other person other than those specifically described in this paragraph. Any person receiving access to protected material from counsel for the defendant shall be bound by the same obligations as defense counsel. Hence, any person receiving access to protected material from counsel for the defendant may not give protected material to anyone.

6. Counsel for the defendant may use any and all protected material in the defense of the defendant in the instant case in any manner deemed essential to adequately represent the defendant (*i.e.*, in motions that are filed under seal, if necessary; in *ex parte* applications as may be needed; and in reproducing and summarizing protected material for use in trial preparation summaries, exhibits and as evidence, as may be needed), consistent with the proposed order as it shall be originally prepared and signed. In the event defense counsel desires to use protected material in a manner not authorized under the requested order, counsel shall be entitled to seek to have the requested order amended by the Court after giving notice to counsel for the government in a hearing before the Court.

7. Counsel for the defendant is authorized to discuss with the defendant the contents of any protected material. Counsel for the defendant and any members of defense

counsel's staff, however, are prohibited from, in any way, giving to the defendant:

a. Any protected material itself;

b. Copies of any protected material;

c. Copies of excerpts of protected material.

8. The above prohibition will not extend to the defendant viewing protected material in open court should any of these materials or summaries of these materials be used in the litigation of this case.

9. Counsel for the defendant may provide his client copies of discovery from which protected materials have been redacted for the following Bates ranges: 1-27, 41-84, 91-107, 114-133, 169-181, 295-316, 375-390, 465-481, 711-758, 763-765, 795-797, 1072-1073, 1075-1079, 1090-1096, 1108-1111, 1210-1215, 1225-1246, 1250-1271, 1291-1309, 1324-1330, 1337-1360, 1373-1408.

10. Defense counsel reserves the right to seek modification of this order.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: October 21, 2026

*/s/ Griffin Estes*
GRIFFIN ESTES
Assistant Federal Defender
Attorneys for Defendant

Date: October 21, 2026

*/s/ Joshua Banister*
JOSHUA BANISTER
Assistant United States Attorney
Attorneys for Plaintiff

**ORDER**

Based upon the agreement of the parties and pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Court adopts the stipulation regulating certain discovery in this case. IT IS HEREBY ORDERED that each of the terms described in the stipulation of the parties shall govern the protected material as defined in the stipulation in this case.

IT IS SO ORDERED.

Dated: **October 22, 2026**

STANLEY A. BOONE
United States Magistrate Judge